## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| RICKI L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Ricki L. Jones, by and through counsel, and for his Complaint against the United States of America alleges as follows:

## NATURE OF ACTION

1.      The Plaintiff, Ricki L. Jones, claims a $1,473,036.00 refund of civil fraud penalties related to joint federal income tax returns for 2003, 2004 and 2005, and interest (assessed and paid), or such greater amount as is legally refundable, plus statutory interest as allowed by law.

## JURISDICTION AND VENUE

2.      Plaintiff Ricki L. Jones is a citizen of the United States and resident of Wood River, Illinois. Accordingly, venue is proper within the Southern District of Illinois pursuant to 28 U.S.C. §§1391(b) and 1402.

3.      This Court has jurisdiction over this tax refund suit pursuant to 28 U.S.C. § 1346(a)(1).

## FACTUAL ALLEGATIONS

4.      Plaintiff plead guilty to violating I.R.C. § 7201 in 2002, 2003, 2004 and 2005. His Plea Agreement was dated January 22, 2009. A copy of the Agreement is labeled as Exhibit A in

each of attached Exhibits 1, 2 and 3. The CID computations underpinning the Plea Agreement is labeled as Exhibit B in each of attached Exhibits 1, 2, and 3.

5.      Plaintiff signed a "corrected" Internal Revenue Service Form 4549 on November 9, 2009. A copy of the Form 4549 is labeled as Exhibit C in each of attached Exhibits 1, 2 and 3.

6.      An Internal Revenue Service agent issued a Preliminary Determination that Dorothy Boos ("Boos"), Plaintiff's former wife, was an innocent spouse.

7.      Plaintiff intervened and requested Appeals Office consideration of the agent's decision. The Internal Revenue Service assigned his request to the Chicago Appeals Office.

8.      Boos maintained that the Preliminary Determination was correct. She also asserted that she was not liable for the civil fraud penalty. The assertion is included in a Protest filed by her counsel with the Internal Revenue Service, which is labeled as Exhibit D in each of attached Exhibits 1, 2, and 3. The Internal Revenue Service also assigned her Protest to the Chicago Appeals Office.

9.      The Chicago Appeals Office requested a conference with Plaintiff in Chicago, stating that credibility was critical to resolve Boos's positions. Plaintiff and his attorneys went to Chicago for the conference.

10.      Several months later, an Appeals Officer told Plaintiff's attorney that Boos and her counsel had a conference in Chicago.

11.      Several months after that, the Chicago Appeals Office issued its decision. In its Final Determination, it reversed the agent's decision and held that Boos was not innocent. In its Notice of Deficiency, it held that it would not relieve Boos of the civil fraud penalty.

12.      There were at least two Appeals Officers in Chicago, Melissa Sander and Michael Roskopf, who considered the evidence, including their conferences with Plaintiff and Boos. They

had the case for months after the second conference. They did not make a knee-jerk decision.

13.     Boos filed a Petition with the US Tax Court requesting it to determine that she was an innocent spouse and that she was not subject to the civil fraud penalty.

14.     Plaintiff intervened in Boos's case opposing both of Boos's requests, thus becoming a party to the lawsuit.

15.     The Internal Revenue Service attorney negotiated a stipulated decision with Boos's counsel.

16.     Early in August 2014, Plaintiff's counsel requested the Internal Revenue Service and Boos's counsel to furnish him with a current draft of the proposed stipulation. The Internal Revenue Service declined on privacy grounds. Boos's counsel never responded.

17.     Late in August 2014, the Internal Revenue Service attorney called Plaintiff's counsel. She asked if Plaintiff would agree to a stipulation that included a provision that Boos was not subject to a civil fraud penalty. Plaintiff's counsel responded that Plaintiff would not agree to a stipulation with such a provision.

18.     Two days later, Plaintiff's counsel received a proposed stipulation that included the provision, "[t]hat there are no penalties for 2003, 2004 and 2005, under the provisions of I.R.C. § 6663(a)" ("the no-civil-fraud penalty provision"). The provision made no suggestion that it applied to only one party to the pending legal action, but rather appeared to apply to both Boos and Plaintiff. The other provisions within the proposed stipulation identified the specific party to which each provision applied. Based on the addition of that provision and its apparent application to Plaintiff, Plaintiff's attorney advised the Internal Revenue Service attorney that Plaintiff would agree to the stipulation.

19.     Plaintiff agreed to the stipulation only because of the no-civil-fraud penalty

provision it contained.

20.     The US Tax Court entered its Decision based on the stipulation, on September 19, 2014. The Decision is labeled Exhibit E in each of attached Exhibits 1, 2 and 3,

21.     The Decision found there to be deficiencies in income tax for 2003, 2004 and 2005 in the amounts of $1,228,312.00, $649,225.00, and $86,510.00, respectively.

22.     Prior to the September 19, 2014 Decision, Plaintiff and Boos deposited, from marital assets, $2,435,092.00 and $784,721.00 toward civil liabilities arising from their joint returns for 2003, 2004 and 2005.

23.     In 2009, Plaintiff paid $1,200,000.00 toward the 2003, 2004 and 2005 liabilities from his separate assets.

24.     Boos paid nothing from her separate assets.

25.     On or about September 19, 2014, the Internal Revenue Service converted Plaintiff's and Boos's deposits to payments.

26.     Assessed interest was paid from the deposits, which were marital assets, and from the difference between Plaintiff's personal payments and credits (totaling $1,538,741.00) and the civil fraud penalties ($1,473,035.00), or $65,706.00.

27.     Plaintiff filed three refund claims with the Internal Revenue Service on September 1, 2016. He sought refunds of the civil fraud penalties and interest (assessed and paid), plus statutory interest as allowed by law, for the tax years 2003, 2004 and 2005.

28.     Plaintiff filed amended refund claims for the tax years 2003, 2004 and 2005 with the Internal Revenue Service on August 10, 2018. The amended claims raised the failure of the Internal Revenue Service's penalty assessments to meet the requirements of Section 6751(b)(1) of the Internal Revenue Code of 1986, as amended (hereinafter cited by section number only).  His

amended claims for refund are attached and incorporated by reference as **Exhibits 1, 2 and 3**.

29.     More than six months have elapsed since Plaintiff filed his refund claims. The Internal Revenue Service has not issued a formal notice of claim disallowance.

30.     Plaintiff never received from the Internal Revenue Service proof that the initial determination of the assessment of the civil fraud penalties was personally approved, in writing, by the immediate supervisor of the individual making the determination.

## LEGAL BASES FOR PLAINTIFF'S CLAIMS

31.     September 19, 2014 US Tax Court Decision.

32.     Section 6751(b). (Exhibit 4).

33.     Revenue Ruling 80-8, 1980-1 CB 298. (Exhibit 5).

## COUNT I
### (Refund of 2003 Penalty and Interest)

34.     Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 33 as if more fully restated herein.

35.     Three elements comprised the liabilities for 2003, 2004 and 2005: income tax, fraud penalties and interest.  The stipulation designated that the two deposits from the marital assets were to be applied to income tax and interest, which would totally pay the income tax and the interest on the income tax.  Plaintiff's separate payments and credits exceeded the fraud penalties. Accordingly, he alone is entitled to the refund of the penalty he paid regarding his 2003 taxes, computed as follows:

| | |
|---|---|
| Payments | $962,326.00 |
| Liability | $0.00 |
| Payments >Liability | $962,326.00 |
| Cap | $921,234.00 |

|  | |
|---|---|
| Claim | **$921,234.00** |

WHEREFORE, Plaintiff prays for a judgment against the Defendant in the amount of $921,234.00 and interest (assessed and paid), or such greater amount as is legally refundable, plus statutory interest as allowed by law, as related to his federal income tax return for 2003.

## COUNT II
### (Refund of 2004 Penalty and Interest)

36.     Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 33 as if more fully restated herein.

37.     Three elements comprised the liabilities for 2003, 2004 and 2005: income tax, fraud penalties and interest.  The stipulation designated that the two deposits were to be applied to income tax and interest, which would totally pay the income tax and the interest on the income tax.  Plaintiff's separate payments and credits exceeded the fraud penalties.  Accordingly, he alone is entitled to the refund of the penalty he paid regarding his 2004 taxes, computed as follows:

| | |
|---|---|
| Payments | $508,638.00 |
| Liability | $0.00 |
| Payments >Liability | $508,638.00 |
| Cap | $486,919.00 |
| Claim | **$486,919.00** |

WHEREFORE, Plaintiff prays for a judgment against the Defendant in the amount of $486,919.00 and interest (assessed and paid), or such greater amount as is legally refundable, plus statutory interest as allowed by law, as related to his federal income tax return for 2004.

## COUNT III
### (Refund of 2005 Penalty and Interest)

38.     Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 33 as if more fully restated herein.

39.     Three elements comprised the liabilities for 2003, 2004 and 2005: income tax, fraud penalties and interest.  The stipulation designated that the two deposits were to be applied to income tax and interest, which would totally pay the income tax and the interest on the income tax.  Plaintiff's separate payments and credits exceeded the fraud penalties.  Accordingly, he alone is entitled to the refund of the penalty he paid regarding his 2005 taxes, computed as follows:

| | |
|---|---|
| Payments | $67,777.00 |
| Liability | $0.00 |
| Payments >Liability | $67,777.00 |
| Cap | $64,883.00 |
| Claim | **$64,883.00** |

WHEREFORE, Plaintiff prays for a judgment against the Defendant in the amount of $64,883.00 and interest (assessed and paid), or such greater amount as is legally refundable, plus statutory interest as allowed by law, as related to his federal income tax return for 2005.

## COUNT IV
### (Invalidity of the Civil Fraud Penalties Under Section 6751(b)(1))

40.     Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 33 as if more fully restated herein.

41.     Section 6751(b)(1) states in relevant part:

> No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.

42.     Upon information and belief, the initial determination of the assessment of the civil fraud penalties for tax years 2003, 2004 or 2005 was not personally approved, in writing, by the immediate supervisor of the individual making the determination.

43.     As such, the Internal Revenue Service's assessment of the civil fraud penalties against Plaintiff for tax years 2003, 2004 and 2005 was invalid, ab initio, because it failed to meet the requirements of section 6751(b)(1).

WHEREFORE, Plaintiff prays for a judgment against Defendant for a refund of the amounts he paid of erroneously and illegally assessed civil fraud penalties for the tax years 2003, 2004 and 2005, plus interest assessed and paid, or such greater amount as is legally refundable, plus statutory interest as allowed by law.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38 and 39, Plaintiff demands a trial by jury on all issues so triable.

Dated:  March 17, 2020

Respectfully submitted,

DOWD BENNETT LLP

By:  /s/ *James G. Martin*
         James G. Martin     #6187143
         7733 Forsyth Blvd., Suite 1900
         St. Louis, Missouri 63105
         314/889-7300 (phone)
         314/863-2111 (facsimile)
         jmartin@dowdbennett.com

*Attorneys for Plaintiff Ricki L. Jones*