UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKI JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:20-cv-00285 -GCS |
| ) | |
| UNITED STATES OF AMERICA. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Ricki Jones brings suit to claim tax refunds, including interest and attorneys' fees. (Doc. 23). Specifically, Jones seeks a tax refund of at least $1,473,036.00 of assessed civil fraud penalties which Jones contends were waived by the U.S. Tax Court in 2014, in a decision that was drafted by, and stipulated to, by the Internal Revenue Service ("IRS"). His amended complaint contains four counts: Count I - refund of 2003 penalty and interest seeking at least $921,234.00 plus interest; Count II - refund of 2004 penalty and interest seeking at $486,919.00 plus interest; Count III – refund of 2005 penalty and interest seeking at least $64,883.00 plus interest; and Count IV – declaratory judgment seeking a declaration that the March 2020 initial assessment of fraud penalties was invalid because the IRS failed to comply with Section 6751(b)(1). (Doc. 23).

Now before the Court is Defendant United States of America's motion to Dismiss pursuant to FED. R. CIV. PROC. 12(b)(1) and (b)(6) and based upon its sovereign immunity. (Doc. 26, 28). Plaintiff opposes the motion arguing that the IRS offered to waive all civil

fraud penalties assessed against him if he signed a proffered Tax Court stipulation. (Doc. 27). For the reasons delineated below, the Court **GRANTS** Defendant's motion to dismiss.

## FACTUAL BACKGROUND

Plaintiff filed his income tax returns for the tax years 2002, 2003, 2004 and 2005, jointly with his then-wife, Dorothy Boos. Plaintiff and Boos divorced in 2009.

On January 22, 2009, the United States filed an information against Plaintiff in *United States v. Ricki Lee Jones*, 3:08-cr-30256-001-JPG, charging him with one count of tax evasion, 21 U.S.C. § 7201, with regard to the income tax year 2003.[1] That same day, Jones pled guilty to the information and admitted to similar conduct for the tax years of 2002, 2004, and 2005. Jones's Plea agreement further states in part: "Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to IRS for the time periods covered by this agreement or any other time period." *See Jones*, 3:08-cr-30256-JPG; (Doc. 5, p. 11).

Subsequently, the IRS initiated an audit of Plaintiff's returns for the income tax years 2002 – 2005. In June 2009, Ms. Boos made an advance payment to the IRS in the total amount of $2,435,092, which was applied to the 2003, 2004, and 2005 income tax years.

---

[1] The Court takes judicial notice of Jones's underlying criminal proceedings. *See, e.g., Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)(stating that "federal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, of the proceedings that have a direct relation to matters at issue").

(Doc. 1-2, p. 32). On July 30, 2009, District Judge Gilbert sentenced Jones to 15 months imprisonment and ordered restitution in the amount of $3,642,507.52; $75,000.00 in fines; and $39,754.00 for costs of incarceration and supervision. *See Jones*, 3:08-cr-30256-001-JPG, Doc. 39.[2]

Plaintiff made advance payments in the following amounts: $700,000 on August 17, 2009; $200,000 on August 18, 2009, and $300,000 on August 21, 2009. These checks made by Plaintiff to the IRS did not designate to which tax years in dispute that the payments should be applied. (Doc. 14-2, 14-5). On September 8, 2019, Ms. Boos made an advance payment to the IRS in the total amount of $784,721.29 which was applied to the 2003, 2004, and 2005 income tax years. *Id.*

On November 9, 2009, Plaintiff, along with his attorney, James Martin as POA, signed an IRS Form 4549, in which Jones consented to assessments against him alone for income tax deficiencies, fraud penalties and interest pursuant to 26 U.S.C. § 6663. (Doc. 1-2, 14-15). Specifically, the consent to assignment and collection stated: "I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States Tax Courts the findings of this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus additional interest as provided by law. It is undisputed that this report is subject to acceptance by the Area Director, Area

---

[2] The August 11, 2009 Amended Judgment reflects that the $3,642,507.52 restitution was paid: $2,435,092.00 to the IRS and $1,207,415.52 to BP North America, Incorporated. *Id.* at Doc. 39. The $2,435,092.00 amount to the IRS included all joint incomes taxes due and owed for the years 2002, 2003, 2004 and 2005.

Manager, Specialty Tax Program Chief or Director of Field Operations." *Id.* at p. 15. For tax year 2003, the tax deficiency was $1,228,312.00, the fraud penalty was $912,234.00, and the interest was $893,340.54. For tax year 2004, the tax deficiency was $649,225.00, the fraud penalty was $486,916.75, and the interest was $397,111.32. For tax year 2005, the tax deficiency was $86,510.00, the fraud penalty was $64,882.50, and the interest was $39,983.01.

On March 10, 2010, the IRS assessed the amounts contained in the November 9, 2009 IRS Form 4549 signed by Jones and Mr. Martin against Jones. At this time, the advance payments made by Jones were applied to his tax liabilities for the tax year 2003. (Doc. 14-5 – 14-7).

On August 1, 2013, the IRS issued a notice of deficiency to Ms. Boos for the income tax years 2003-05 reflecting the same amounts contained in the November 9, 2009 IRS Form 4549 signed by Jones and Mr. Martin. (Doc. 14-8).

On August 6, 2013, the IRS issued a Final Determination to Ms. Boos denying her request for innocent spouse relief, pursuant to 26 U.S.C. § 6015. (Doc. 14-9). On November 12, 2013, Ms. Boos filed a petition with the United States Tax Court to seek a determination that she was entitled to innocent spouse relief, to which Plaintiff successfully intervened. *See Dorothy L. Boos v.* Comm'r, Docket No. 25723-13. (Doc. 14-10).[3] On September 19, 2014, the Tax Court entered the following decision based on the agreement and stipulation by the parties:

---

3   The Court takes judicial notice of the contents of the U.S. Tax Court's docket of Ms. Boos's case. *See Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016); *Green,* 699 F.2d at 369.

    a. Ms. Boos had deficiencies of income taxes for the tax years 2003-05 as follows: $1,228,312.00 to 2003, $649,225.00 to 2004, and $86,510.00 to 2005.

    b. There are no penalties for 2003-05 under the provisions of I.R.C. § 6663(a).

    c. That Ms. Boos is not entitled to relief under the provisions of I.R.C. § 6015(b), (c), or (f) with respect to her income tax liabilities for 2003-05.

    d. The deposit of $2,435,092 made by Ms. Boos on June 25, 2009, shall be treated as a payment of income taxes and interest and applied as follows: $1,656,526 to 2003; $649,225 to 2004; and $129,341 to 2005.

    e. The deposit of $784,721.29 made by Ms. Boos on September 8, 2009, shall be treated as a payment of income taxes and interest and applied as follows: $500,345.10 to 2003; $252,114.78 to 2004; and $32,261.41 to 2005.

    f. If the sum of the two deposits referenced above exceed Ms. Boos's income tax liabilities and applicable interest for 2003, 2004, and 2005, any excess credit shall be applied to intervenor Mr. Jones's income tax liabilities for 2003, 2004, and 2005.

    g. Ms. Boos does not forfeit any right to indemnification or any other relief otherwise available to her from intervenor in the Illinois state or federal court.

(Doc. 23; Exhibit A, p. 14-16).

On September 1, 2016, Plaintiff filed refund claims with the IRS for tax years 2003-05 claiming that he was entitled to a refund because the civil penalties were abated by the 2014 Tax Court Decision. The claims for refund were in the amount of $921,235 for payments made toward 2003, $486,919 for payments made toward 2004, and $64,883 for

payments made toward 2005. No payments were made toward Jones's income tax liabilities for the years 2003-2005 within two years of Mr. Jones's claims for refund.

On August 10, 2018, Plaintiff amended his claim adding that because he did not receive written proof of the determination of the assessment of the civil fraud penalties, the IRS did not meet the requirements of 26 U.S.C. § 6751 (b)(1), and the assessment of the civil penalties was thus invalid. The IRS did not respond to either claim (2016 or 2018), and Plaintiff filed this suit on March 17, 2020. (Doc. 1).

## LEGAL STANDARDS

When considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences from the allegations in favor of the plaintiff. *See Kelley v. Med-1 Solutions., LLC*, 548 F.3d 600, 604 (7th Cir. 2008)(citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)). If the defendant factually attacks the plaintiff's assertion of subject-matter jurisdiction, the court may look beyond the jurisdictional allegations in the complaint and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing*, 999 F.2d at 191. Plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of proving the existence of that jurisdiction. *See Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The complaint must "give the defendant fair notice of what the claim is and the grounds upon

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

### I.   Counts I through III – Tax Refund

Jones asserts jurisdiction under 28 U.S.C. § 1346(a)(1). Section 1346(a)(1) confers upon district courts jurisdiction over civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). The Supreme Court has held that "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990). The first is § 7422(a), which limits a taxpayer's right to bring a refund suit by providing:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority,

> or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary [of Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); *Dalm*, 494 U.S. at 601-02. *See also Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 520 (7th Cir. 2008)(stating that § 7422(a) "has long been considered a jurisdictional prerequisite"); *Jackson v. United States*, 100 Fed. Cl. 34, 42 (2011) (noting that "[e]ssentially, section 7422(a) functions as a waiver of the government's sovereign immunity in tax refund suits.").

A second condition for refund suits is found in 26 U.S.C. § 6511(a), which provides that if a taxpayer is required to file a return with respect to a tax, he must file any claim for refund within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires later. *See Dalm*, 494 U.S. at 602; *Salah v. United States*, No. 00-2132, 11 Fed. Appx. 603, 605 (7th Cir. Mar. 29, 2001). "Read together, the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' . . . , may not be maintained in any court." *Dalm*, 494 U.S. at 602.

Section 6511(b) "mandates that no credit or refund shall be allowed or made if a claim is not filed within the time limits imposed by § 6511(a)." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 5 (2008)(internal quotation marks omitted). The Supreme Court has held that an advance payment is considered to be made on the date that liability is no longer disputed and the payments are then treated as credits to the taxpayers

account. *See, e.g.*, *Rosenman v. United States*, 323 U.S. 658, 661 (1945)(stating that "[i]n any responsible sense payment was [] made by the application of the balance credited to the petitioners . . . ."). The Seventh Circuit has held that "[a] timely sufficient claim for a refund is a jurisdictional prerequisite to a refund suit." *Martin v. United States*, 833 F.2d 655, 658-659 (7th Cir. 1987).

The Government argues that because Jones did not timely file a claim for a refund as required by 26 U.S.C. § 7422(a), the Court lacks jurisdiction to hear plaintiff's refund claims. Here, Jones's tax returns for the years 2003, 2004, and 2005, were filed April 2004, April 2005 and October 2006, respectively. Jones made the payments that he seeks to recover on August 17, 18, and 21 of 2009.[4] The IRS assessed the civil penalties against Mr. Jones on March 1, 2010 (after he consented to these civil penalties when he signed IRS Form 4549) and the August 2019 payments were applied to his tax liabilities for 2003. *See Rosenman*, 323 U.S. at 661-662. Under *Rosenman*, the date of the payment is deemed to be the date that the debt is determined, and the amount was applied to the liabilities on March 1, 2010. Jones filed his initial refund claim with the IRS on September 1, 2016 and then amended it on August 15, 2018. Using the earliest possible date of March 1, 2012, his

---

[4]    As Jones did not designate on these three checks any conditions on when or what liabilities these payments should have been applied, the IRS could apply the advance payments at that time. IRS policy permits taxpayers who 'voluntarily' submit payments to the IRS to designate the tax liability to which the payment will apply." *United States v. Energy Resources Co., Inc.*, 495 U.S. 545, 548, 110 S. Ct. 2139, 109 L.Ed.2d 580 (1990)(citation omitted); *Muntwyler v. United States*, 703 F.2d 1030, 1032 (7th Cir. 1983). Over time, the IRS has modified the scope of this right. At one time, the IRS required only "directions" from taxpayers to effectuate a directed payment. However, the IRS subsequently curtailed the scope of the right that it had initially authorized, requiring that taxpayers provide "specific written direction as to the applications of the payment." Rev. Proc. 2002–26 § 3.01. Absent written directions, the "Service will apply the payment to periods in the order of priority that the Service determines will serve [the Service's] best interest." *Id.* at § 3.02.

claims were filed well over three years after the returns were filed and well over two years after payment. Thus, Jones's refund claims do not meet the requirements of the statute.

Plaintiff argues that the Court has jurisdiction to consider his claim based on the Tax Court's Decision of September 19, 2014 that dealt with Ms. Boos's petition to seek innocent spouse relief. He contends that his refund claim arose in September 2014 and that his claim is timely as he filed suit within 2 years from September 2014. The Court, however, rejects this argument. Jones's reliance on federal common law in *Regains v. City of Chicago* is misplaced. Federal common law is inapplicable here, as a claim for a refund must be filed within the strict timeframe provided for in 26 U.S.C. § 7422(a). *See United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). As required by 26 U.S.C. § 6511(a), a "claim for a credit or refund of an overpayment on any tax imposed by this title in respect of which the taxpayer is required to file a return shall be filed by the tax payer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later.

Further, the September 2014 Tax Court decision involved a tax deficiency issue and an innocent spouse resolution as to Ms. Boos only. This was a stand-alone case and did not have a bearing on how the IRS should apply or re-apply the specific payments made by Jones in the past. "The intervening party is not granted rights or immunities superior to those of the other parties, may not enlarge the issues or alter the nature of the proceedings, and must abide by the Court's rules." *Tipton v. Comm'r*, 127 T.C. 214, 217 (2006). *See also Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944)(stating that

"one of the most usual procedural rules is that an intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding.").

Jones contends that the Tax Court decision covered his purported liabilities for civil fraud penalties. However, Jones's intervention did not enlarge the issues to include his own liabilities. All the references in the Tax Court decision are to Ms. Boos and her tax payments and liabilities. The decision only makes reference to the intervenor Jones when it notes that any excess credit obtained from Ms. Boos's payments would be credited to Jones's tax liabilities for 2003, 2004 and 2005; it clearly did not do away with any liabilities that he may have owed. This makes complete sense because Jones and Ms. Boos had filed jointly, and thus they were both liable for any tax liabilities. Jones intervened in Ms. Boos's tax case to object to Ms. Boos's innocent spouse defense. Had Ms. Boos been successful, Jones would be the sole person liable for any outstanding tax liability. Ms. Boos, however, was not successful, and thus any payments that she made that exceeded her liabilities would be applied to Jones's liabilities.

Furthermore, as previously stated, the Court's jurisdiction is determined by the statutes at issue in this case. The Tax Court's decision in Ms. Boos's case does not waive the Government's sovereign immunity. The decision also cannot confer jurisdiction on this Court. *See, e.g., Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L.Ed.2d 492 (1982)(stating that "no action of the parties can confer subject-matter jurisdiction upon a federal court[, and] [t]hus, the consent of the parties is irrelevant"). If the Court adopts Jones's position, it would elevate the parties'

purported settlement agreement in the Tax Court case above the precise statutes that govern the Court's jurisdiction. The Court is unwilling to do that. Thus, Jones's refund claims are untimely.[5]

## II.     Count IV – Declaratory Judgment

The Government argues that Count IV of the amended complaint is barred by the federal tax exception to the Declaratory Judgment Act. Jones counters that the Court can address the merits of Count IV because the 2010 assessment is invalid because it was not approved by a supervisor as required by Section 6751(b). The Court agrees with the Government.

Plaintiff's request for declaratory judgment is inconsistent with the plain text of the Declaratory Judgment Act, 28 U.S.C. § 2201. By its own terms, "the Declaratory Judgment Act bars relief 'with respect to federal taxes.'" *Gessert v. United States*, 703 F.3d 1028, 1037 (7th Cir. 2013)(quoting 28 U.S.C. § 2201)). *See also Wiemerslage v. United States*, 838 F.2d 899, 901 n.4 (7th Cir. 1988)(citation omitted)(noting that "the federal tax exception to the Declaratory Judgment Act . . . presents a jurisdictional bar to declaratory relief 'with respect to Federal taxes.'"); *Bob Jones Univ. v. Simon,* 416 U.S. 725, 737, 94 S. Ct. 2038, 40 L.Ed.2d 496 (1974)(noting that the "congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to

---

[5]     As the Court finds that Jones's refund claims are untimely and the Court lacks jurisdiction over those claims, the Court declines to address the Governments' remaining arguments for dismissal: Jones is collaterally estopped from seeking a refund of civil penalties for 2003 because of his guilty plea and that Jones's claims of refund for 2004 and 2005 fail to state a claim as he did not make any payments towards those liabilities.

declaratory judgments"). This Court is bound by the text of the Declaratory Judgment Act. Thus, the Court grants Defendant's motion to dismiss as to Count IV.

## Conclusion

For the above-stated reasons, the Court **GRANTS** Defendant's motion to dismiss amended complaint. (Doc. 26). The Court **DISMISSES** Counts I, II and III of the amended complaint for lack of jurisdiction and because it is barred by sovereign immunity. The Court also **DISMISSES with prejudice** Count IV of the amended complaint for failure to state a claim. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

**Dated: March 31, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.03.31 16:42:16 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**